## THE WAYNE COUNTY SAVINGS BANK v. JOHN AIREY ET AL.

*Banks and banking—Title to deposits—Assignment—Interpleader —Estoppel.*

1. An order by a depositor on the treasurer of a savings bank, to allow the depositor's wife, naming her, to sign the bank's books, and to draw any and all money standing in his name as a depositor, is upon its face no more than an authority to the wife to receive money for the depositor.

2. Where an order is given by a depositor which, upon its face, only authorizes his wife to draw money for him, and after his death his administrator claims the money, and the administrator of his wife's estate claims it on the ground that the order was given under such circumstances as to transfer the title of the money to the wife, a bill of interpleader may be filed by the bank to settle the rights of the respective claimants.

Appeal from Wayne. (Brevoort, J.) Argued April 14, 1893. Decided May 31, 1893.

Bill of interpleader. Complainant appeals. Decree reversed, and a decree of interpleader entered. The facts are stated in the opinion.

*Moores & Goff,* for complainant.

*James H. Pound,* for defendants George Airey, Mary E. Airey, and the Estate of Mary Airey, Deceased.

*E. H. Kennedy,* for defendant Michael Airey.

*Gray & Gray,* for defendants John Airey and the Estate of Michael Airey, Deceased.

HOOKER, C. J. The complainant, doing a banking business in Detroit, had on deposit a sum of money to the credit of Michael Airey. On the 20th day of January, 1890, his daughter, Mary E. Airey, went to the bank to get some of this money, and represented that her father was sick. The treasurer of the bank declined to pay it without authority in writing from Michael Airey, and finally drew a paper, which was signed by him. The writing (Exhibit A) is as follows:

" *Treas. of Wayne County Savings Bank:*
" Allow Mary Airey, my wife, to sign yr. books, and allow her to draw any and all money standing in my name as a depositor.

his

" MICHAEL  **X**  AIREY.

mark.

" Witness:
    " MRS. J. LUND.
    " MISS MAMIE AIREY."

It is claimed by the administrator of the estate of Mrs. Airey, the wife, that it was understood that this paper was made for use only after the death of Michael Airey, and that she did not want the money until after his death, and that the bank so understood it. Some of the defendants claim that this writing was an assignment of the money to Mary Airey. The others deny it, and claim it to belong to the estate of Michael Airey. Demand was made by each administrator upon the officers of the bank, who thereupon filed this bill, which was dismissed upon the hearing.

The defendants George and Mary E. Airey, representing

the interest of Mary Airey, deceased, claim that the bill should be dismissed, for the reasons:

1. That the paper writing, Exhibit A, transferred the title to the money to Mary Airey.

2. That the bank is estopped from denying their right, because its officer drew this paper for the express purpose of so transferring the title that the money could be drawn after the death of Michael Airey.

3. That the payment of $300 that was used for the burial expenses of Michael Airey constitutes such estoppel.

The order, Exhibit A, is upon its face no more than an authority to his wife to receive money for him, which prudent banking would require before paying out money. It imports nothing more, and alone would be no more effective in transferring a title to the fund than would have been a direction to the wife to take money from the sick man's pocket-book effective to give her the title to all money therein. It is possible that, taken in connection with the circumstances of the transaction, an assignment of the fund may have been intended and effected, as seems to have been contemplated by the bank. That is one of the questions—perhaps the only one—to be tried upon the interpleader,—a question which the bank cannot safely settle, because events have since transpired which lead the bank to fear that it was not so intended by Michael Airey when he signed the paper. The rational view of the matter appears to be that the bank was willing to pay the money upon the order of Michael Airey, after his death, upon the assumption that the order should be made with the expectation and intention on the part of Airey that it should be so paid. Whether it was so made the bank had no means of knowing beyond the representations of others, and, when this is denied, or the legal effect of the instrument, in view of Airey's death, is questioned, the bank may well hesitate about assuming the responsibility of settling the question.

It is contended that because the bank drew the order upon which it was willing to pay, and did pay something after Airey's death, it should be estopped to deny the sufficiency of the order, or its own obligation to pay; but, unless we are to hold that it must guarantee the efficacy of the paper, regardless of surrounding circumstances, to do just what Mary E. Airey was desirous of having done, viz., to obtain the money from the bank after her father's death, we cannot sustain the claim.     The bank did not undertake to act as the professional adviser of these people further than to oblige them by drawing a paper upon which it was willing to pay the money after the death of the father.     Now, when others assert a title to the money, and forbid its payment upon the order, it would be inequitable to require payment at the risk of the bank.     The quarrel is that of these brothers and sisters, and the bank ought not to be compelled to shoulder the expense of it.     We think there is no room for the application of the doctrine of estoppel in this case.     All of the parties must be presumed to know the law.     The holder of Exhibit A cannot claim a right to this money under it, unless it was given under such circumstances as to transfer the title to the money.     The bank cannot justly refuse if it was so conveyed, but when the fact is brought in question by other claimants the bank may properly ask the claimants to settle the question.

The decree dismissing the bill will be reversed, and a decree of interpleader entered here in favor of the complainant, with costs from the fund.

McGRATH, LONG, and MONTGOMERY; JJ., concurred. GRANT, J., did not sit.