R. I. Hospital Trust Co. vs. Ohan Dolbashian et al }Eq.No.7608

June 23, 1926

HAHN, J. Heard on motion of respondent Dolbashian to dismiss a bill of interpleader after answers filed by respondents.

The facts as disclosed by the bill is as follows:

In April, 1925, one Dick Hagopian opened a participation account in complainant bank, and in September of that year, pursuant to a written order signed by Hagopian, the account was changed to "Dick Hagopian or Ohan Dolbashian payable to either or to the survivor." On the day following this change Hagopian died, and on September 10th, a few days later, the account was again changed to "Estate of Dick Hagopian" pursuant to verbal instructions from Ohan Dolbashian. In November, 1925, Arnenag Tuktigian of Massachusetts

was appointed administrator of the estate of Hagopian by the Municipal Court of Providence, with Jasper Rustigian as resident agent.

The bill further alleges that Ohan Dolbashian has begun an action against complainant and that Arnenag Tuktigian threatens and intends to commence an action against complainant, for the amount due on said participation account, etc.

The motion to dismiss is based on the grounds, first: that complainant has assumed a special contract liability to Dolbashian, which prevents interpleader; and second: that it appears by the answer of the respondent administrator that he is not entitled to make claim to said fund as in his answer alleged.

The first ground is based upon the written order making the account payable to either Hagopian or Dolbashian or to the survivor and upon the payment to, or withdrawal by, Dolbashian of some $400 after Hagopian's death. These contentions are not sufficient to prevent interpleader, as the following cases show. In the first case a depositor signed a written order allowing his wife to draw and all money of the account and money was actually withdrawn after the depositor's death. It was contended that this established the bank's obligation to pay, but the court said:

"The holder (of the order) can not claim a right to this money under it, unless it was given under such circumstances as to transfer the title to the money. The bank can not justly refuse if it was so conveyed, but when the fact is brought in question by other claimants the bank may properly ask the claimants to settled the question" and interpleader was allowed.

Wayne Co. Savings Bank vs. Airey, 95 Mich. 520, 523.

People's Savings Bank vs. Look, 95 Mich, 7, 12.

Respondent Dolbashian also contends that the written order can not be attacked or its validity determined in this proceeding, but in the following case the facts were very similar to the present one. A depositor changed an account from her own name to that of herself and another, payable to either or the survivor. The change or transfer was made by means of an order signed by the depositor and presented to the bank by the second party (as in the present case). The depositor died and administrators claimed the change was made because of undue influence and lack of mental capacity to comprehend the nature of the act (contentions that are made here). The matter was determined on interpleader by the bank.

Prov. Inst. for Savings vs. Cullen, Equity No. 702, decided by Rhode Island Supreme Court, March 17, 1926.

It would accordingly appear that the above case is conclusive of the present one. Such cases are not uncommon and apparently fall well within the usual definition of interpleader.

"A bill of interpleader lies when two or more persons severally claim the same thing under different titles or in separate interests from another, who, not claiming any title or interest therein himself, and not knowing to which of the claimants he ought in right to render the debt or duty claimed, or to deliver the property in his custody, is either molested in an action or actions brought against him, or fears that he may suffer injury from the conflicting claims of the parties."

15 Ruling Case Law, p. 222.

33 Corpus Juris, p. 419.

The contention of the parties in relation to the transfer of the ac-

count to the estate of Dirk Hagopian seems more properly a matter of evidence in relation to ownership of the fund than objection to the bill itself. The case of National Security Co. v. Batt, 215 Mass. 489, cited by respondent Dolbashian is distinguishable from the case at bar. In that case the bank did not simply change the name in which an account stood, but transferred from one account to another a large sum of money, and the court held that the bank might thereby have incurred a separate liability to one of the respondents, so that the title of such respondent might prove to be derived from the bank and not from the deceased. In other words, the bank was seeking "to protect itself from double liability, not from double vexation because of one liability." The present case does not appear to be of that sort, but more nearly resembles the Rhode Island case above cited.

The motion to dismiss is therefore denied. Decree ordering parties to interplead may be entered.

For Complainant: Tillinghast & Collins.

For Claimant, Dolbashian: Knauer & Fowler.

For Claimant, Tuktigian: Flynn & Mahoney.